UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEE MOMIENT,                                       CASE NO.: 1:16-cv-03052

      Plaintiff,

v.

TIME WARNER CABLE, INC.
STELLAR RECOVERY, INC.,

      Defendants.

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Defendants Stellar Recovery, Inc. ("Stellar") and Time Warner Cable, Inc. ("Time Warner") file this Notice of Removal of the action entitled *Lee Momeint v. Comcast Cable Communications. Management, LLC and Stellar Recovery, Inc.*, No. 2016 M1 010584, from the Circuit Court of Cook County, Municipal Division, 1st District ("State Court Action")[1], to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendants state the grounds for removal as follows:

1. On February 2, 2016, Plaintiff Lee Momient ("Plaintiff") filed a complaint (the "State Court Complaint") in the Circuit Court of Cook County, Municipal Division, assigned case number, No. 2016 M1 010584, naming Time Warner and Stellar as Defendants and alleging the following: (i) three counts alleging a violation of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227 *et seq.*) by both Defendants (State Court Complaint. ¶¶ 59-61, 62-64,

---

[1] While the Plaintiff identifies himself as "Momeint" in the caption on the State Court Action, he identifies himself in the body as "Momient." Stellar follows this latter spelling in both the caption and body of this Notice. It should be noted that in Stellar's file, Plaintiff has identified himself as "Mominet."

65-67); (ii) a count alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) against Stellar (*id*. ¶¶ 68-79); (iii) a count of deceptive trade practices against Time Warner (*id*. at ¶¶ 80-83); (iv) a count of invasion of the right of privacy by intrusion upon seclusion against both Defendants (*id*. ¶¶ 47-58); (v) a count for injunctive relief pursuant to the TCPA (*id*. ¶¶ 84-89); and (vi) a count against Time Warner for "respondeat superior" arguing that Time Warner should be held vicariously liable for the actions and omissions of Stellar. *Id*. ¶¶ 90-92. A true and correct copy of Plaintiff's State Court Complaint is attached hereto as Exhibit "A".

2. Summons in the State Court Action for the State Court Complaints was issued on February 19, 2016 and service was purportedly made on Stellar that same day, on February 19, 2016 and service made on Time Warner on March 3, 2016. As of the date of this Notice, Plaintiff has not filed any Affidavits of Service. The Summons for the State Court Complaint is attached hereto as Exhibits "B".

3. This Notice is being filed within thirty (30) days after Stellar first received a copy of the State Court Complaint, which constitute "the initial pleading setting forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b)(1).

4. The State Court Complaint is the only document that has been filed by the Plaintiff in state court, and the Summons and State Court Complaint are the only "process, pleadings, and orders served upon" Stellar and Time Warner. See 28 U.S.C. § 1446(a). A copy of the docket in the State Court Action is attached hereto as Exhibit "C".

5. Removal of the TCPA and FDCPA claims is proper pursuant to 28 U.S.C. § 1441(a) because this Court would have original jurisdiction over such claims under 28 U.S.C. § 1331. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005) (holding that removal of a TCPA claim is authorized by § 1441 because the claim arises under federal law.);

*Obi v. Chase Home Fin., LLC,* No. 11-3993, 2011 WL 5118437, at *1 (N.D. Ill. Oct. 25, 2011) (noting case was removed "on the basis of federal question jurisdiction, as this action had claims arising under federal law, including: the Fair Debt Collection Practices Act . . . . *See* 28 U.S.C. § 1441(a).").

      6. This Court may also assert supplemental jurisdiction over the remaining state law claims because those claims are premised on the same alleged conduct forming the basis of the TCPA and FDCPA claims: the alleged receipt of calls made to Plaintiff's cell phone without his consent. *Compare* State Court Complaint ¶ 60 (asserting a claim for violation of the TCPA based on alleged calls to "Plaintiff's cellular telephone using both an ATDS capable system and a prerecorded voice without Plaintiffs [sic] prior express consent") *with id.* ¶ 48 (premising count for invasion of the right of privacy upon purported "requests that Defendants no longer contact him by phone pursuant to the TCPA"). Indeed, Plaintiff admits that all of the claims are related in the first sentence of the first paragraph of the State Court Complaint, asserting that "[t]his is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a)(iii); and for **related** tortious acts." State Court Complaint ¶ 1 (emphasis added). Thus, the state law claims are "so related to [the TCPA and FDCPA claims] that they form part of the same case or controversy" but do not raise "novel or complex issues of State law" or "substantially predominate[] over the [TCPA or FDCPA] claim[s]." 28 U.S.C. § 1367(a), (c).

      7. Removal is appropriate pursuant to Section 1441(a) because Time Warner Cable, Inc. and Stellar, the only defendants, are being represented by the same counsel and both "consent[s] to the removal of the action" s*ee* 28 U.S.C. § 1446(b)(2)(A).

      8. This Court is the appropriate venue because the Northern District of Illinois, Eastern

Division is the "district court of the United States for the district and division embracing [Chicago,] where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

9. Promptly after the filing of this Notice, Defendants shall "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk [of court for the State Court Action]." 28 U.S.C. § 1446(d).

10. By filing this Notice of Removal, Defendants do not waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Defendants also hereby reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants hereby provide notice and respectfully remove the State Court Action from the Circuit Court of Cook County, Municipal Division, 1st District, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441, 1446. Should any question arise as to the removal of this matter, Defendants respectfully request an opportunity to provide additional briefing and oral argument as to why removal is proper.

Dated: March 11, 2016

                                           Respectfully submitted,

                                           /s/ Alison N. Emery
                                           Alison N. Emery
                                           Assurance Law Group
                                           3731 Hendricks Avenue
                                           Jacksonville, FL 32207
                                           904-497-4904 (phone)
                                           904-458-8979 (fax)
                                           alison@assurancelawgroup.com
                                           *Counsel for Defendant Stellar*
                                           *Recovery, Inc. and Time Warner Cable Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11<u>th</u> day of March, 2016 a true and accurate copy of the foregoing NOTICE OF REMOVAL has been filed with the Clerk of Court via CM/ECF and is being served on the following parties, at the following addresses, in the following form:

Via first-class U.S. Mail,
Postage pre-paid:

Lee Momient
P.O. Box 608082
Chicago, IL 60660
Tel: (773) 712-2076

*Pro Se Plaintiff*


                                                     /s/Alison N. Emery
                                                     Alison N. Emery