CT Corporation

**Service of Process Transmittal**
02/19/2016
CT Log Number 528678192

TO: Mary Jo Spalinger
Business Filings Incorporated (Recipient Account Only)
8020 Excelsior Dr Ste 200
Madison, WI 53717-1998

RE: **Process Served in Illinois**

FOR: Stellar Recovery, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lee Momeint, Pltf. vs. Time Warner Cable, Inc. and Stellar Recovery, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court, Law Division, IL<br>Case # 16M1010584 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Springfield, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/19/2016 at 10:20 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Lee Momient<br>P O Box 608082<br>Chicago, IL 60660<br>773-712-2076 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CTs transmittal may be incomplete |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2016, Expected Purge Date: 02/24/2016<br><br>Image SOP<br><br>Email Notification,  Mary Jo Spalinger  ctsop@bizfilings.com |
| **SIGNED:** | Business Filings Incorporated |
| **ADDRESS:** | 118 W Edwards St Ste 200<br>Springfield, IL 62704-1927 |
| **TELEPHONE:** | 217-522-4441 |

Page 1 of  1 / CB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2120 - Served    2220 - Not Served    2620 - Sec. of State
2121 - Alias Served    2221 - Alias Not Served    2621 - Alias Sec. of State

Summons (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)      (10/06/09) CCM N649

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _____ MUNICIPAL DISTRICT   16 M1   010584

**Name All Parties**

_____
_____ **Plaintiff(s)**

**v.**

_____
_____ **Defendant(s)**
_____
_____ **Address of Defendant(s)**

| | |
|---|---|
| **Case No.** | _____ |
| **Amount Claimed: $** | _____ |
| **Appearance Filing/Return Date:** | _____ |
| **Status Date:** | _____ |
| **Trial Date:** | _____ |
| **Time:** _____ | **Room:** _____ |

**Please serve as follows:** ☐ Certified Mail   ☐ Sheriff Service   ☐ Alias (Plaintiff check one)

### SUMMONS

**SIX JURORS JURY**

**To each Defendant:**

    **YOU ARE SUMMONED and required:**

    1. To file your written appearance by yourself or your attorney and pay the required fee in:

☐ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077    ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on _____, __ 16 between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008    ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

    2. File your answer to the complaint before 9:00 a.m. as required by the applicable provisions of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 3 days before the day for appearance.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

| | |
|---|---|
| **Atty. No.:** _____ | **WITNESS,** _____ , _____ |
| **Name:** _____ | FEB 0 2 2016 |
| **Atty. for:** _____ | DOROTHY BROWN |
| **Address:** _____ | **DOROTHY BROWN, Circuit Court Clerk** |
| **City/State/Zip:** _____ | **Date of Service:** _____ , _____ |
| **Telephone:** _____ | (To be inserted by officer on copy left with Defendant or other person) |

**SEE REVERSE SIDE**

** Service by Facsimile Transmission will be accepted at: _____
            (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Green: 2. COPY Canary: 3. COPY Pink: 4. COPY Gold: 5. COPY

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

### NOTICE TO PLAINTIFF

You **MUST** select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

### NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

**For District 1 Cases Only:**

2. On the specified Return Day, one of the following may occur:

   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

     (i)  If Plaintiff is not present, the case may be dismissed for want of prosecution.

     (ii)  If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

     (iii)  If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

3. Late filing of an appearance or answer will not relieve you from a judgment or default order, except by court order.

**For District 2, 3, 4, 5 and 6 Cases:**

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:
   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.
   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for apperance specified in summons.

8. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.
These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS

## FIRST DISTRICT LAW DIVISION

LEE MOMEINT

Plaintiff

=v=

TIME WARNER CABLE, INC.

STELLAR RECOVERY, INC.
Defendants

**16 M1    01 0584**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Now Comes the Plaintiff, Lee Momient, pro se, and he hereby sues Defendant, TIME WARNER CABLE, INC. ("TWC") and STELLAR RECOVERY, INC. ("SRS"), for violations of the TCPA, and Invasion of Privacy and for various tortious acts and in so doing complains as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii); and for related tortious acts.

2.     Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants.

3.     Plaintiff intends to propound discovery to determine the actual number of violations of the law were committed by the Defendants against the Plaintiff that were not successfully documented by Plaintiff herein, and reserves the right to amend his complaint to include discovered violations.

4. The TCPA is a remedial, private attorney general statute that confers to consumers the substantive right to be free of this abusive practice that creates a nuisance in their homes. Under the statute, consumers, such as the Plaintiff here, are entitled as a matter of law to seek and obtain judgment for minimum statutory damages and injunctive relief against violators.

5. Congress enacted the Telecommunications Privacy Act in 1991. The TCPA prohibits certain uses of telecommunications equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system d. to any telephone number assigned to a .. , cellular telephone service ... 47 U.S.C. § 227(b)(1)(A).

6. "Under the TCPA, the term "automatic telephone dialing system" or "autodialer" is defined as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (8) to dial such numbers." Id. § 227(a)(1), The Commission has emphasized that this definition covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092, para. 133 (2003) (2003 TCPA Order). The Commission has, for example, concluded that the scope of that definition

encompasses "hardware [that], when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers," in light of, among other things, its conclusion that "the purpose of the requirement that equipment have the capacity to store or produce telephone numbers to be called' is to ensure that the prohibition on autodialed calls not be circumvented. n Id. at 14091-93, paras. 131, 133."

[Quoting, FCC ruling (FCC No. 12-143 A 11 nn. 5) emphasis added]

7.      The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may ... bring ... an action based on a violation oij47 U.S.C.§ 227(b)] to enjoin such violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both ... If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory] damages available above. 47 U.S.c. § 227(b)(3).

## JURISDICTION AND VENUE

8.      Venue in this District is proper in that the Plaintiff is a resident here, the Defendants transact business here, and the conduct complained of occurred here.

9.      This is an action for damages which exceed $100,000.00.

## PARTIES

10.      Plaintiff, Lee Momient, is a natural person and is a resident of the State of Illinois.

11. Upon information and belief Defendants, TWC and SRS are foreign corporations; and authorized to do business in Illinois and each have a registered agent within this state.

## FACTUAL ALLEGATIONS

### a. Allegations of fact specific to Defendant TIME WARNER CABLE, INC. (TWC)

12. On April 16, 2014 the Plaintiff, Lee Momient, phoned Time Warner Cable, INC and setup an account for internet services.

13. During that initial phone call the plaintiff was asked for a phone number to be reached at for installation purposes for the installer to contact the plaintiff upon his or her arrival.

14. The plaintiff gave his number to the sales person from TWC for the specific and limited purpose of installation and account identification.

15. During that same call the plaintiff stated clearly an approximation of the following:

    a. The phone number is a cellular phone and not to be used for collection or any other purpose other than installation and account identification.

16. Defendant Time Warner Cable, via its sales agent, acknowledged that the phone number was not to be used for collections and only for installation.

17. Plaintiff timely opted out of any arbitration clauses of the defendants contracts.

18. In September 2015 prior to the calls relative to this complaint, the plaintiff informed the defendants counsel that he was yet again opting out of arbitration and that he again does not consent to collection or automated calls.

19. Defendant TWC initiated calls to plaintiff's cellular number ending in 3989 on each of possibly more than 10 times from as early and possibly earlier than September 2015 to as late and possibly later than, January of 2016.

20. The defendant made automated calls for the purposes of collections, sales, and surveys.

21.    The defendant may have initiated more calls on earlier dates and later dates.

22.    Most if not all of the calls identified itself as originating from telephone number 800-892-2253.

23.    Upon information and belief 800-892-2253 is a telephone number belonging to the defendant TWC.

24. The Defendant Time Warner Cable, via its agents, informed the plaintiff that; the phone system is an automated billing system; that after a certain amount of time past due the automated system will start to automatically make phone calls; the there was no way to stop the automated system from making these phone calls; and that the system will leave automated voicemail messages as well.

25. Plaintiff on multiple occasions over the time span complained of herein has complained directly to the defendant about its use of an auto-dialer; yet the defendant continues to use its auto-dialer to call the plaintiff.

26. Based on the plaintiffs own experiences with the defendant the plaintiff is concerned that of its millions of customers many thousands, if not all, may be suffering similarly because of TWC's inability to curtail its auto-dialer from making unwanted calls.

27. Despiste being informed by plainitff on multiple occasions that his cellular phone number wa s not to be called, the defendant TWC did in fact call as alleged.

28. Defendant TWC may have gone so far as to transmit the cellular phone number of the plaintiff to defendant SRS for the purposes of SRS acting as an agent of TWC to continue to call plaintiff in violation of the TCPA.

29.    Time Warner Cable may be the Respondeat Superior of defendant STELLAR RECOVERY SERVICES, INC.

**b. Allegations of fact specific to Defendant STELLAR RECOVERY SERVICES, INC. (SRS)**

30.     The defendant STELLAR RECOVERY SERVICES is a third party debt collector for defendant TWC.

31. Defendant SRS  initiated calls to plaintiff's cellular number ending in 3989 on each of possibly more than 30 times from as early and possibly earlier than September 2015 to as late and possibly later than, January of 2016.

32. The plaintiff has never given consent or implied consent to defendant SRS to call plaintiffs telephone.

33. Upon information, recollection and belief the plaintiff notified defendant SRS that they should not call his phone.


**c. Allegations of fact specific to Defendant ALL Defendants**

34.     On each of these calls when the phone was answered there would be a several second pause, or an automated message, indicating the use of an Autodialer and or Automated voice.

35.     On occasions when the calls were answered the Autodialer ended the call and essentially hung up.

36.     On several occasion Defendants would leave a voicemail message with an automated voice on plaintiff's voicemail.

37.     On occasions the automated dialing system would connect the plaintiff to a representative of the defendants only after the plaintiff answered the call.

38.     The calls made to the plaintiff cellular phone by the Defendants were not made with the consent of the called party; the plaintiff.

39. The Defendants would cause the plaintiffs' phone to ring repeatedly often more than once a day and caused more than just a nuisance to the plaintiff while attempting to enjoy his solitude.

40. All telephone contact by Defendant to Plaintiff on his cellular telephone forming the basis for this Complaint occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

41. The telephone number that Defendant used to contact Plaintiff, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

42. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide express consent to receive prerecorded calls by Defendant on his cellular telephone.

43. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiffs' cellular telephones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

44. Defendants did not make telephone calls to Plaintiffs' cellular telephones "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

45. Plaintiff suffers from severe back pain from previous injuries that were exacerbated during each call, each time, by having to reach and or rush to answer calls that were unwanted and were a nuisance.

46. Plaintiff has suffered, and defendants are liable for all, actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, exacerbation of physical injuries and illnesses, out-of-pocket

expenses, pain and suffering, inconvenience, loss of happiness, loss of incidental time, frustration, emotional distress, mental anguish, future damages and court costs.

## COUNT I

## INVASION OF THE RIGHT OF PRIVACY BY INTRUSION UPON SECLUSION

## ALL DEFENDANTS

47.     Plaintiff restates and reiterates herein all previous paragraphs.

48.     The Defendants undertook a series of communications to the private home and private cellphone of the Plaintiff constituting an invasion of privacy by intrusion upon seclusion of another, as set out and described in the common law of the State of Illinois. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy and seclusion; after repeated, lawful requests that the DefendantS no longer contact him by phone pursuant to the TCPA and common decency. Said communications were made to intentionally distress, annoy, force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

49.     The actions of the Defendant would be highly offensive or objectionable to any reasonable person.

50.     Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy.

51.     Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Illinois and violated the Plaintiffs' privacy.

52.     Plaintiff avers that the Defendants telephoned the Plaintiff on multiple occasions demanding payment.

53.    The Plaintiff avers that the communications were made by automated dialers acting on

behalf of defendant without the requisite consent of the plaintiff.

54.    Plaintiff suffered anguish, harassment, hounding, exacerbation of existing medical

conditions; exacerbation of existing physical illnesses (herniated disc).

55.    Defendant refused to cease and desist the calling, hounding and harassment.

56.    Defendant has continuously and repeatedly called The Plaintiff at home and other places

after being told not to call.

57.    The plaintiff will initiate discovery to determine the precise number of calls initiated to

plaintiffs cellular phone by each defendants Automated Telephone Dialing System.

58.    As a proximate consequence of said invasion of the right of privacy, Defendant has

caused the Plaintiff to suffer great worry, loss of sleep, loss of happiness, anxiety,

embarrassment, nervousness, physical sickness, and physical and mental injury, pain.


**WHEREFORE,** Plaintiff demands judgment for damages against DEFENDANTS, severally,

for actual damages in an amount of no less than $300,000.00; for and punitive damages,

attorney's fees and costs.

**ALTERNATIVELY,** the defendant TWC may be the RESPONDEAT SUPERIOR for

defendant SRS.

**COUNT II**

**WILLFULL AND KNOWING**

**Violations of the Telephone Consumer Protection Act**

**ALL DEFENDANTS**

59.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

60.     Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) several separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system and a prerecorded voice without Plaintiffs prior express consent.

61.     Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE**, As a result of DEFENDANTS knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of Defendants are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against TWC for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

**ALTERNATIVELY**, the defendant TWC may be the RESPONDEAT SUPERIOR for defendant SRS.

### COUNT III

### WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

### ALL DEFENDANTS

62.     Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

63.     Defendant willingly and knowingly violated 47 U.S.C. § 227(b}(1)(A) on several separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system without Plaintiffs prior express consent.

64.    Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE**, As a result of DEFENDANTS knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of TWC are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against TWC for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

**ALTERNATIVELY**, the defendant TWC may be the RESPONDEAT SUPERIOR for defendant SRS.

## COUNT IV

## WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

### ALL DEFENDANTS

65.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

66.    Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(1), each, of nearly, and possibly more than, 40 separate occasions by each time leaving a prerecorded telephone message in Plaintiffs voicemail that did not clearly state the name under which Defendant was registered to conduct business.

67.    Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE,**  As a result of DEFENDANTS knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of TWC are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against TWC for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

**ALTERNATIVELY**, the defendant TWC may be the RESPONDEAT SUPERIOR for defendant SRS.

**COUNT V**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT SRS**

68.    Plaintiff restates and reiterates herein all previous paragraphs.

69.    Plaintiff is a consumer under § 1692 a(3).

70.    The alleged debt was an obligation under § 1692 a(5).

71.    SRS is Debt Collector under § 1692 a(6).

72.    DEFENDANT placed no less than 15 telephone calls to the Plaintiff's cellular telephone after being notified by phone that the calls were to a cell phone and were demanded to cease and desist or otherwise informed that there was no consent to call said number. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such

communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands of each defendant $1000.

73.    SRS continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands of each defendant $0000.

74.    SRS violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment of each defendant in the amount of $1000.

75.    SRS violated § 1692 d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment of each defendant in the amount of $1000.

76.    SRS violated § 1692 d(5) and Caused the phone to ring or engaged any person in telephone conversations repeatedly. Plaintiff demands judgment of each defendant in the amount of $1000.

77.    SRS violated § 1692 f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment of each defendant in the amount of $1000.

78.    SRS violated § 1692 e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector." Plaintiff demands judgment of each defendant in the amount of $1000.

79.    SRS violated § 1692 d(6) by placing telephone calls without disclosing his/her identity. Plaintiff demands judgment of each defendant in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against SRS for actual or statutory damages, and punitive damages, future damages, attorney's fees and costs.

## COUNT VI

## DECEPTIVE TRADE PRACTICES

### Defendant TWC

80. Plaintiff restates and reiterates herein all previous paragraphs.

81. Plaintiff is a consumer. Defendant is a telecommunications corporation governed by state and federal laws; and or collection agency's covered by state and federal laws.

82. In connection with a consumer transaction, defendant engaged in unfair and deceptive practices, prohibited by Illinois law, aimed at causing substantial harm to the plaintiff.

83. Defendant succeeded in damaging the plaintiff through these unfair and deceptive trade practices as described herein.

**WHEREFORE,** Plaintiff demands judgment for damages against SRS for actual or statutory damages, and punitive damages, future damages, attorney's fees and costs.

### COUNT VII

### INJUCTIVE REIEF

### 47 U.S.C. § 227(c)(5)(A)

### ALL DEFENDANTS

84.     Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

85. The plaintiff has been repeatedly harmed by the actions of the defendant as complained of herein.

86. Based on the statements and or action and or omissions of TWC and SRS it is evident that the DEFENDANTS simply do not have a system in place to both accept phone numbers as identifiers, but not use them with their automated system when requested to not do so.

87. Pursuant to 47 U.S.C. § 227(c)(5)(A) the plaintiff is entitled to injunctive relief.

88. Under traditional principles of equity, to receive a preliminary injunction a plaintiff must prove that it will suffer irreparable harm if the injunction is denied. However, where the plaintiff seeks an injunction to prevent the violation of a federal statute that specifically provides for injunctive relief, it need not show irreparable harm. *In re Chicago, Milwaukee, St. Paul and Pacific Railroad Co., 738 F.2d 209, 212 - 213 (7th Cir.1984)* (permanent injunction).

89. In *Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)* the Supreme Court noted that when a plaintiff in this situation obtains an injunction, "he does so not for himself alone, but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority." The Supreme Court also held that, "[t]his and other federal courts have repeatedly held that individual litigants, acting as private attorneys-general, may have standing as "representatives of the public interest." *Flast v. Cohen, 392 U.S. 83, 120 (1968)* .

**WHEREFORE** the plaintiff prays that this court grant a temporary restraining order and permanent injunction, restraining the defendant Time Warner Cable, Inc. and Stellar Recovery Services, INC. from using their automated telephone dialing systems to make calls to the plaintiff cellular phone numbers, as well as to any and all other customers of Time Warner Cable, INC. and debtors of Stellar Recovery Services, INC.

## COUNT VIII

## RESPONDEAT SUPERIOR

## DEFENDANT TWC

90. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

91. The defendant SRS may have been acting as an agent or otherwise controller of defendant

    TWC.

92. The defendant TWC may then be held vicariously liable for the actions and omissions of

    defendant SRS under the claim of Respondeat Superior.

    **Wherefore,** if it is found that defendant TWC is/was the master or controller of defendant

    SRS, the plaintiff prays then that this court hold defendant TWC liable for all damages

    awarded to defendant for the actions and commission of the defendant SRS.

WHEREFORE, PLAINTIFF, LEE MOMIENT, PRAYS that after all due proceedings are had
there be Judgment herein in favor of Plaintiffs and against related Defendants, on ALL COUNTS
as follows:

That there be Judgment herein in favor of Plaintiff, LEE MOMIENT, and against TWC and SRS,
for all reasonable damages sustained by Plaintiff, including, but not limited to, statutory
damages, treble statutory damages, compensatory damages associated with the costs of out-of-
pocket expenses, gross exacerbation of existing physical injury, embarrassment, inconvenience,
loss of incidental time, frustration, emotional distress, aggravation, and for punitive damages,
attorney fees, costs incurred, future damages and court costs, and other assessments proper by
law and any and all other applicable federal and state laws, together with legal interest thereon
from date of judicial demand until paid in full.

PLAINTIFF FURTHER PRAYS for any and all general, equitable and necessary relief.

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Plaintiff hereby demands that defendant preserve any and all evidence related to the matters herein stated including any and all recording of telephone communication between the plaintiff and defendant.

Lee Momient

_____ 02/02/2016

P.O. Box 608082
Chicago, IL. 60660
773-712-2076


This action is for damages greater than $100,000,

Service List:

Time Warner Cable
CT corporation
208 S. LaSalle St. 814
Chicago Il 60604

STELLAR RECOVERY, INC.
BUSINESS FILINGS INCORPORATED
118 W EDWARDS ST, STE 200
SPRINGFIELD 62704